May it please the court, I'm Peter Jones, attorney for Applied Companies. How are you? I'm fine, thank you, your honor. Applied is the appellant, plaintiff below. I will attempt not to reiterate anything in the briefs. Are you prepared to address a question for me? In an economic theoretical sense, what is interest? Is it a charge made for the time use of money? In images per se. In the purest sense, it is exactly the definition that you gave. It is the time use of money. Correct. So if we take the time preceding the initial jury verdict, we can assume that there is no time use of money because the jury has fixed that amount for the first time, right? No. In this particular 10 days prior to the verdict, how could I pay the debt or how could I pay interest if I did not know what the principal balance was? In this particular case, your honor, the debt arose from a contract. I understand. And the. It was terminated. Correct. And the amount of that debt was a product of the termination for convenience clause. Well, there seemed to be a substantial difference between the JNOV and the verdict. Some people thought it was worth what? Seventy some thousand and others. Three hundred and some thousand. Seventy four thousand versus. What? Three hundred thousand wasn't. I. Well, the verdict range. The verdict in this case was for five hundred and twenty two thousand dollars. Correct. The only tender was seventy four. Well, that was the that was the amount of the remitted tour. That's right. That was offered when the jury verdict was vacated. Correct. Well, substantially lower, isn't it? What was the what was the problem? Why the spread? I'm not exactly sure, your honor, how the remitted tour amount. If I wanted voluntarily to pay the debt, would I pay the seventy four and interest on seventy four or would I have to pay the half million and interest on a half million? And from when to when? The breach here, your honor, was the failure of Lockheed Martin to negotiate and liquidate agree to the amount that was due. At the time or shortly after the time of the termination for convenience. OK. It was at that time that the amount should have been determined. And when we went to the jury, the jury determined that the amount that should have been determined and paid at that time was five hundred and twenty two thousand dollars. The district court disagreed. And fixed it at seventy four. Well, I guess that is a characterization of what was done there. But in economic terms, that's exactly what was done. So now you want the you've got the five hundred thousand back and you want interest on that from the date of the breach. Right. No. Filing a complaint. Yeah, that's correct. That's correct. The breach was antecedent to that, obviously. That's correct. And I think that that is the case in every case of an unliquidated claim, a contract claim for damages. So the theory is that there is a amount that's owed. And it's owed from the date of the breach. But we don't know what it is until the jury finds it as a fact. Exactly so. And the payment of it is due on the day the complaint is filed, if not earlier. Well, in this case, that would be the case. I think there are probably breach cases where that might not be the case. Like you have an installment contract breach and it's a total breach, but the installments wouldn't have been due for some time thereafter. So you would set the interest in different time periods. In this case, there was a single termination and a breach that occurred thereafter by failure to settle that. And so the single amount was due before the complaint was filed. Is that a liquidated or an unliquidated amount? That falls under the California statute concerning prejudgment interest on liquidated claims. There are two such statutes, A and B. One concerns liquidated claims, which I suppose would be like a, I don't know, a note. An interest from a date certain on a note is liquidated interest. That's correct. There's no dispute about any, it's just a matter of computation. Here, there seems to be some judgment factors involved. Is that something that under the California statute, it qualifies as a liquidated amount? No. No, I'm saying the California statute has an A and a B section. What is the California statute that you say applies? It's the California prejudgment interest statute, Your Honor. That's what the contract says. The contract says California law governs except when it's necessary to interpret a Federal clause. There's no Federal clause that bears on this subject. The termination for convenience clause? The termination for convenience clause doesn't award interest. But that's a Federal clause. That's true. But that just determines. That's a hallmark of every Federal contract. That just determines the principal amount. That doesn't have any bearing on interest. All your damages are covered by that. That's what you're suing for. That's not the case, Your Honor. Even in Federal prime contracts, if there's a termination for convenience, the parties can't settle it. The contractor converts his proposal into a claim. That claim bears interest from the time he certifies the claim, even if it isn't the amount thereof isn't liquidated by a board of contract appeals or the court of Federal claims until umpteen years thereafter. It's not part of the clause. It's not compensable. As a matter of fact, interest as a cost of a contract is unallowable in a termination for convenience. You can't have interest in the claim. The interest is on the claim. Under Federal statute, just as it is under State statute. Do you know how any of that helps your proposition that this is governed by the California prejudgmental statute? How does any of this support the claim? Because the contract, Your Honor, says California law governs this contract, except when it is necessary to interpret a Federal clause. Right. You would have a Federal clause. It's a liquidated damages clause. Another liquidated, I'm sorry, the termination of convenience clause. But that's a quintessential Federal clause in a Federal contract. I don't know that it exists anywhere else. But that clause has nothing to do. You know, we've gone around this bush twice now. Do you want to do it three times? All right. Why don't you tell me why it has nothing to do with it? That's what I'm saying. None of the things you've said support that proposition. It has nothing to do with it. To me, it strikes me as having everything to do with it. Because that clause does not provide for the payment or nonpayment of prejudgment interest. Of course not. But it is a Federal clause, and then you apply Federal law, okay, according to the contract. To interpret the clause, Your Honor. That's what the contract says. Interpretation or construction of the clauses. Well, certainly if you're saying as a matter of procedure, you're a Federal court member, and then if prejudgment interest, interest payable from the time of commission of the complaint to the time of judgment, that is certainly something that's governed by Federal law. That is a matter of court procedure. I don't know. I can't understand how you would. Prejudgment interest, Your Honor? Yeah. I don't believe that that's the case. As a matter of fact, I think. I don't really care about your belief. Well, I submit that that's not. Give me a case. Give me authority. Standing there and telling me you don't believe it doesn't, you know, is not very persuasive. What authority do you have that in a Federal court, the computation of interest on a Federal judgment is governed by State law? Prejudgment interest, Your Honor. We have cited authorities in our brief that in Federal court, prejudgment interest is governed by State law. And it is post-judgment interest that is governed by the Federal statute. You don't remember what those authorities are right now. May I have a second to refresh myself from my violence, Your Honor? You've done better doing that than just saying it's in our brief. That's a waste of time. What about U.S. v. Pandora Public School Utility District No. 1, 28 Feb. 3, 1544, 9th Circuit, 1994? Familiar with that case? That does not sound familiar to me, Your Honor. Well, that's probably why you're confused on the question of what law governs. Because it happens to be directly on point. It says Federal law applies.  Yes, I think so. Let me take another look at it just to make sure I'm not comparing it here. Judge Browning, a great judge of this court. That's what it says. Since 1982, it is the general rule in diversity actions that state law determines the rate of prejudgment interest in the case. Yes. This is no. This is a one of these strange. The answer is no. A case that starts with a proposition in a diversity case, we do this, has no application to your case, which is based on a federal contract. The reason you're on federal court, the reason you're litigating this here at all is because you've got a contract with a federal government, a federal contract. That's correct, Your Honor. It's a federal question. The proposition in diversity, we do this. Probably helpful by negative influence. You have a case that says this is what we do in federal cases involving federal question. Since I believe that this is the only circuit that holds that there is federal question jurisdiction in a controversy between private parties over a subcontract, I don't have such authority. When you said I do, though, you might look at opposing counsel's brief at pages 15 and 30. It's worth the sites. And the way our case on the way on the way. Excuse me. So it was in the brief. So if you're not familiar with this argument, you have no one. I simply been standing here. Don't remember the basis on which I guess what you do when you prepare for oral arguments. You look at the applicable cases. You memorize them, if need be, particularly those that are directly on point. And you're prepared to discuss them with the court or else you're wasting your time and your client's money. So if you don't have the ability to address a key case cited by your point of view, you stand here and tell us you don't even know it's of existence. The message is that you not send the bill to your clients for the time that you spent here today. It would not be fair. Is the time is up. It was the excuse me. I just may ask for clarification. Was the reference to Ponterelli case. Is that no Ponterelli. Look, you have a point of concert, a brief with you. Yes, I do. I'm looking at it when you sit down. It's a pages. It's in the table of contents. It's also a page of silent pages 15 and 30. Thank you. OK. And this is not something which you should be confused. I hope you will take my what I've mentioned about charging a client seriously. We'll hear from opposing counsel. May it please the court. I'm Stephen Rice. I represent Lockheed Martin Libriscope. I do, Your Honor. Pendere and also the home savings bank versus Gilliam case, which is also cited in the same portion of the brief. The court is referred to stands for the same proposition. This is a federal question case. Federal law does govern in federal question cases with respect to the issue of prejudgment interest. That's the general rule. In addition, in this case, we do also have the contractual choice of law provisions in the party's agreement, which provides that federal law is to govern the interpretation of federal clauses. The contract goes on to say, including the calculation of damages. And that's exactly what we have here. This case has been up to this court. Two prior times it's been vigorously litigated. And until this appeal and the motion below on interest, there had never been an assertion by the appellant that state law controlled any issue in this case. This is a case that is governed exclusively and entirely by federal law, and that applies with equal force here to the issue of prejudgment interest. In addition to the termination for convenience clause that was referred to earlier, there's another federal clause that's directly relevant here, and that's FAR 49.201A, which is the so-called fair compensation rule. The jury was charged with the task of determining fair compensation. There was no date on which the jury was instructed to determine fair compensation. It was instructed to determine fair compensation, period. And I think the reasonable inference is that the jury did that as of the date of its verdict. Opposing counsel many times in opening statement and closing argument referred to this fair compensation notion. And in addition, the jury was instructed by Judge Reel twice that it was to award fair compensation. And I think that's what the jury did. And, therefore, there is no need to award prejudgment interest to effect fair compensation, and, therefore — Doubt as to whether the jury awarded fair compensation as of which date it awarded compensation. Compensation may be fair as of the date the contract is — I guess it's not bleached. Is it terminated? Terminated for convenience. I guess it's not quite — it's terminated for convenience. And the time that happens, and if you look at the damage a year later, whenever the case is — or however long, two years, when it's submitted to the jury, that figure would be quite different. And I'm wondering, at the time, was there any evidence on the date as of which damage was being considered? The jury was not instructed with respect to a date. There were a number of different damage figures — pardon me — with different dates that were presented to the jury during trial. There was a $1 million demand that had been submitted shortly after the — shortly before the lawsuit was filed in 1996. There was another number in the mid-600,000s that was developed later, and then there was a number — a third number that was actually presented to the jury on the first day of trial, and yet a fourth number that was presented to the jury on the last day of trial, after the appellant was forced to concede the existence of a double-counted invoice. So there was — there was no clear date as of which damages were being determined. So the specific answer to Your Honor's question, do we know for sure when did the jury value this claim, the answer is we don't know. But the jury was instructed in June of 2000 to award fair compensation, and there's no basis to conclude, I don't think, based on the record, that it did anything other than just that as it was sitting in the jury room deliberating on this cause. Did the jury have authority? Would it have had authority? For example, let's say that — let's just refine the question. Let's say that the district judge had been asked to give an instruction to the jury saying, you, in calculating the damages, you must consider the time value of money, and so when you calculate damages, you must take into account, or you should take into account, or you may take into account the fact that the breach occurred, or the damage occurred in the past, the plaintiff will not be compensated until sometime in the future after your verdict, if it should be in favor of the plaintiff. And therefore, in determining the fair damage award, you should take that into account. Now, had such an instruction been requested, I gather you would have objected to it. And I'm wondering whether it would even have been legal or lawful to the district judge. There was not an — Could have given such an instruction. There was not such an instruction requested by either party, and there was no discussion of that issue at trial. It would almost certainly be erroneous, wouldn't it? I believe so, Your Honor. Well, if that is the case, then that pretty much concedes, doesn't it, not that damages should be calculated by the jury, and must be more calculated by the jury as of the time of the breach. I don't think so, Your Honor, because, again, it gets back to this terracotta — You know, they did something that they couldn't have been lawfully instructed to do, but they did it anyway? No, because the issue is a little bit different. Under this fair compensation rule, the judge specifically instructed the jury, and this was pursuant to an instruction that the appellant requested, that fair compensation is not a matter of precise calculation. It's a matter of judgment. And so the jury was given wide latitude under this FAR provision, 49.201A, to pick a number that it thought was fair. And that's actually what the jury did, because they picked a number that was not in evidence. It has to be reasonable, and it has to be within the scope of the evidence presented. That's correct. Up to the appellant. That's correct. And they picked — The NLB is perfectly proper. That's right. And they picked a number that was more than we thought should have been awarded by quite a fair margin, but quite a fair margin — About half a million, then. Something like that. But quite a fair margin also less than what the appellant had requested the jury to award. So the jury went through some fair compensation calculation and made the determination that it did in giving the verdict. But in any event, to come back to the issue, we are still left with Federal law controlling this. It was a matter of discretion for the trial judge to decide this issue, and the trial judge did decide and exercise that discretion in denying this motion. Now — Did the trial judge decide? The trial judge — The trial judge said that it's not part of this — part of the remand. He didn't really address the question whether — You relied on Rule 37. Well, I was just about to address Rule 37, Judge Beezer, and Rule 37 is an area where the trial judge did not have discretion. The time period from the verdict to this judgment on this Court's remand on the last appeal under 37B, because this Court's mandate did not include an instruction on interest, the judge could not have awarded interest during that period of time. He could have awarded interest prior to the jury verdict, but he chose not to. And, Judge Schwarzer, you're correct. The hearing on this motion was very, very brief. And we don't have a record of the — all of Judge Riehl's thinking on this matter. I'm sure we do. But he must have read the papers. I think we — Well, isn't it a fair inference, or the best inference from what we can read from the record, is that he didn't think he had authority. He was sent the case back. He was told, enter the judgment. And so if I'm going to do what the Court of Appeals told me, I don't think I have authority to add to it. I don't think so. Isn't that the fairest reading of what he said? I really think that what Judge Riehl had in mind was the Rule 37 issue. That's what I think he had in mind. Now, he did not — That would be erroneous, then. I beg your pardon? That would be error. No, it wouldn't. We're talking about prejudgment interest. I think he was — there are three components of interest that we're talking about here. One is the component that arose prior to the verdict. One is the period during the period of — the Rule 37 issue from the verdict to this Court's mandate. And the third is post-judgment interest. What I think Judge Riehl was talking about in our very — in the very brief hearing, which was also when the mandate was spread, was the Rule 37 period. I do not think that in those 12 lines he even addressed the first or the second or the third. That's true, and that's the way the transcript reads. Then he never exercised his discretion over whether to award prejudgment interest, which is what was asked for. I think he did exercise his discretion by reading the papers and ruling. But he didn't rule on it. As you said, he was addressing Rule 37. The only comment he made in the hearing addresses the Rule 37 time period. I don't think that that means that he did not read the entire motion, consider all of the issues, and rule on all three periods of time. I don't think that that's a fair reading of the record. I think the judge did what he was charged to do, which was to consider the entire motion, the entire opposition, and rule on all of the issues. Counsel, I see you've got about 20 seconds, but I've got two things I want to talk to you about so that we don't have you back here again next time. Right. On 130-01, there was a payment of $74,674. Should that be credited to principle or to interest? And if so, on what date? It's a credit to interest. I'm sorry. Pardon me. It's a credit to principle. It was so determined by Judge Real in an order he issued in October of 2002, and we have requested we have a motion for sanctions that's pending before this panel as well. That's my last question. There are cross motions for sanctions. I have heard neither of you argue it. As far as I'm concerned, I'll consider them waived. They're both over time. If I have any of my 20 seconds left, I was planning on addressing that issue. You're actually at minus 109. Thank you. The case is, you will stand submitted. Your Honor, may I? No. The case is, you will stand submitted. We'll now hear your argument in Hook v. Ashcroft.
judges: Beezer, Kozinski, Schwarzer